Jason M. Tangeman
ANTHONY, NICHOLAS, & TANGEMAN, LLC
170 North Fifth Street
P.O. Box 928
Laramie, Wyoming 82072
307-742-7140
307-742-7160 (fax)

Alan S. Kaufman
Robert A. Jones
CHAMBERLAIN, KAUFMAN & JONES
35 Fuller Road
Albany, NY 12205
518-435-9427
518-435-9102

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| THOMAS O. CONDOS, et al., and others similarly situated, | ) ) ) |
| Plaintiffs, | ) CIVIL ACTION NO. ) 07 CV 127-J ) |
| v. | ) ) |
| PURE ENERGY SERVICES (USA), INC., | ) ) |
| Defendant. | ) |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF NOTICE TO SIMILARLY SITUATED EMPLOYEES AND FOR EXPEDITED DISCOVERY OF NAMES AND ADDRESSES OF SIMILARLY SITUATED EMPLOYEES.**

**Preliminary Statement**

The factual background and procedural history of the case, and the good faith efforts to resolve the subjects of the motions, are set forth in the supporting Kaufman declaration. Briefly, plaintiffs

– employees of defendant who were paid a "day rate" for each day worked in the oil fields – commenced this action on June 12, 2007, on behalf of themselves and other similarly situated persons under the Fair Labor Standards Act, 29 USC §201 et seq. ("FLSA"). The complaint asserts that defendant failed to pay plaintiffs and other similarly situated employees at time and one-half their regular rate for all hours worked over 40 in a workweek as required by the FLSA and seeks payment for all hours worked over 40 in a workweek at the rate of time and one half the regular rate, liquidated damages, attorneys fees and costs as allowed by the FLSA, 29 USC §216(b).

The basic claim is simple and shared by all plaintiffs and prospective plaintiffs: they were compensated by a day rate and did not receive time and one-half their regular rate for all hours worked over 40 in the workweek as required by the FLSA. In general, plaintiffs worked 12-hour shifts in the oil fields, often seven days a week. Frequently, plaintiffs worked over 12 hours in a day. Plaintiffs received the same day rate regardless of how many hours were worked.[1]

This motion seeks permission to file an amended complaint. The motion also seeks the Court's approval for this case to proceed as a collective action, approval of the notice to prospective similarly situated plaintiffs and an order requiring disclosure of the names and addresses of the prospective similarly situated plaintiffs.

---

[1] Payment of employees by a "day rate" does not exempt an employer from paying overtime at time and one-half the regular rate for all hours worked over 40. The employer is required to divide the total compensation received in the workweek by the total hours actually worked. 29 C.F.R. §778.112. Defendant failed to do this. It appears that one of the major points of contention in the case is whether defendant is entitled to credit for alleged "overtime" included in the calculation of the "day rate." Plaintiffs contend that credit for "built in" overtime is not permissible. See 29 C.F.R. §778.202.c and §778.501; Walling v. Helmerich & Payne, 323 U.S. 37 (1944). But even if a credit for such overtime were permissible, here plaintiffs still worked unpaid overtime hours.

2

## POINT I

## PLAINTIFFS' MOTION FOR PERMISSION TO FILE AN AMENDED COMPLAINT SHOULD BE GRANTED.

The amended complaint makes two changes from the original complaint. It adds an allegation (paragraph 23) that defendant's violation was willful so that, pursuant to 29 U.S.C. §255, the statute of limitations should be three years rather than two years. It also adds to the caption of the case plaintiffs who, since the original complaint was filed, have filed consents to join the case as plaintiffs pursuant to 29 U.S.C. §216(b).

FRCP 15(a) provides that leave to amend shall be freely given when justice so requires. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993). Under this liberal standard, defendant offers no valid objections to the amendment.

The allegation of willfulness was not included in the original complaint because none of the named plaintiffs in the original complaint had a claim within the three year statute of limitations period. Since the filing of the original complaint, additional plaintiffs have filed consents who have claims within the third year. Defendant's assertion of "prejudice" is based on the contention that the original complaint should nonetheless have contained an allegation of a third year claim because of the potential for other plaintiffs who had a third year claim. Regardless of whether plaintiffs should have made such an allegation – or could have made such an allegation in light of FRCP 11 good faith pleading requirements – this does not state a claim of prejudice. This case is in the very earliest of

stages and defendant's ability to defend is not prejudiced in any respect by the pleading of a three year statute of limitations.

The addition to the caption of the plaintiffs of who have filed consents since the case started also does not present any basis to deny the amendment. By virtue of their filing consents, those plaintiffs are already parties to the case pursuant to 29 U.S.C. §216(b). Adding their names to the caption of the case does not change their status in any respect and is mere housekeeping.

Defendant's objection that the persons added to the caption are the subject of a "pending motion" before the Court is not a basis to deny the amendment. Defendant apparently is referring to the August 2, 2007, order of Magistrate Judge Beaman requiring defendant to file a response to plaintiffs' filing of additional consents. Defendant combined its response to the filing of consents with its motion to dismiss. Plaintiffs are uncertain whether the Court deems that to be a pending motion in light of defendant's withdrawal of its motion to dismiss. Also, at the pre-trial conference of August 22, 2007, plaintiffs were given until September 7 to make this present motion which directly addresses the issue of additional plaintiffs joining the case. In any event, regardless of whether the motion is pending or not, it provides no basis to object to an amended complaint which adds plaintiffs whose consents have been filed to the caption.

Plaintiffs remain free to seek to amend the complaint under Rule 15 to add named plaintiffs to the complaint at any time. By virtue of the amended complaint, the additional plaintiffs share the allegations of the complaint and have the same status as the plaintiffs in the original complaint. Indeed, because the amended complaint replaces the original complaint for all purposes, it is as if these plaintiffs were in the complaint to begin with. Unless defendant can show a legal basis to deny these plaintiffs from adding their names to the caption, namely prejudice, futility, etc., there is no

basis to deny the amendment. There is no prejudice here. If the Court later rules that the case should not have been certified as a collective action or that some plaintiffs are not similarly situated, that ruling would apply to all plaintiffs to whom it is applicable, regardless of whether they are in the caption or not. Defendant's objection to the amendment is therefore entirely without merit.

## POINT II

### THE COURT HAS AUTHORITY TO APPROVE THE NOTICE TO SIMILARLY SITUATED EMPLOYEES; PLAINTIFFS' PROPOSED NOTICE SHOULD BE APPROVED.

Title 29 USC §216(b) permits bringing actions on behalf of employees "similarly situated." Each individual plaintiff is required to file a written consent to become a party plaintiff.

In Hoffman-LaRoche v Sperling, 493 U.S. 165 (1989), the Court approved district court implementation of the provisions of 29 USC §216(b) "by facilitating notice to potential plaintiffs." 493 U.S. at 170. The Court also approved discovery of names and addresses of potential plaintiffs. The district court's involvement in the notice process serves to eliminate disputes about the content and distribution of notice. Id at 171-172.

"The Tenth Circuit has approved a two-step approach in determining whether plaintiffs are 'similarly situated' for purposes of FLSA §16(b)." Brown v. Money Tree Mortgage, Inc., 222 F.R.D. 676, 679 (D. KS. 2004). At the "notice" stage, the district court makes an initial determination whether a collective action should be certified for purposes of sending notice to potential plaintiffs. Id. For this determination, "a court 'require[s] nothing more than substantial allegations that the putative class members were together a victim of a single decision, policy or plan.'" Id. quoting Thiessen v. GE Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001); see Sperling v. Hoffman-

LaRoche, Inc., 118 F.R.D. 392, 407 (D NJ 1988), aff'd, 862 F.2d 439 (3d Cir.), aff'd, 493 U.S. 165 (1989); Jackson v New York Telephone, 163 F.R.D. 429, 431 (SD NY 1995)("plaintiffs need merely provide 'some factual basis from which the court can determine if similarly situated potential plaintiffs exist'"). "The standard at this notice stage, then, is a lenient one that typically results in class certification." Brown, supra, 222 F.R.D. at 679. See also Flavel v. Svedala Industries, Inc, 875 F.Supp. 550, 553 (ED WI 1994) (similarly situated requirement is "considerably less stringent" than requirements of Rule 23 class actions); Jackson v. New York Telephone Co., 163 F.R.D. 429 (SD NY 1995). Plaintiffs seeking court approval of notice under 29 USC §216(b) are not required to make a showing of the likelihood of success. Id. at 431.

Here, the complaint and supporting declarations demonstrate the very straightforward policy or plan common to all prospective plaintiffs at the core of the suit: defendant paid plaintiffs using a day rate and failed to pay plaintiffs at the overtime rate for all hours over 40 in a workweek. The related issues of whether the failure to properly pay for this work was willful and whether liquidated damages are owed are also common to all employees. There is no question that each employee who worked for defendant and was paid a day rate and not paid overtime for all hours worked over 40 is similarly situated for the purpose of this FLSA claim seeking to be paid for this overtime work at the proper time and one-half rate. As set forth in the supporting plaintiffs' declarations, there appear to be dozens of such employees. These employees "would benefit from an awareness of the pending suit." Belcher v. Shoney's, Inc., 927 F.Supp. 249 (MD TN 1996). Notice to these employees is therefore appropriate.

Variations in the potential amount of overtime compensation owed plaintiffs does not render persons not similarly situated. See Brown, supra, 222 F.R.D. at 682 (individual questions with

respect to damages will not defeat class certification); <u>Crain v. Helmerich and Payne International Drilling Co.</u>, 1992 U.S. Dist. LEXIS 5347, 124 Lab. Cas. (CCH) P35,754, 30 Wage & Hour Cas. (BNA) 1452 (ED LA 1992). In every FLSA collective action there will be differences in the amount of unpaid overtime owed the different plaintiffs. It would gut the remedial intent of the FLSA and the collective action provision to allow questions relating to fixing of damages to defeat certification and notice to the potential opt-in plaintiffs. If that were the case, there would never be a collective action. If this case is not a collective action, it would be dozens of individual actions all litigating the identical issue of defendant's liability for overtime for those employees paid a day rate and determining damages. Surely, that is not a superior method of handling these similarly situated employees. Therefore, any difference in this case in the overtime owed individual plaintiffs here due to varying hours worked – whether due to the varying number of shifts worked, or hours spent at meetings or as supervisors driving vehicles – does not defeat the collective action under the liberal standard for such actions.

The period covered by the notice is three years, which is the relevant statute of limitations period under the FLSA for a willful violation. See amended complaint, paragraph 23, 29 U.S.C. §255.

**Content of the proposed notice; schedule for adding parties**

Plaintiffs' proposed notice here is based on, but not identical to, the notice approved by the court in <u>Belcher v. Shoney's Inc.</u>, 927 F.Supp. 249 (MD TN 1996). The notice describes the lawsuit, describes the persons who would be considered to be similarly situated and sets forth the information needed to join the suit. The notice describes the effect of both joining and not joining the suit, and informs prospective plaintiffs that the law prohibits retaliation based on assertion of rights under the

Fair Labor Standards Act. It provides the names and addresses of counsel for both parties. The notice contains an announcement in large, bold type that while the Court has authorized the notice, no view as to the merits of the case has been indicated by the Court. The notice calls for prospective plaintiffs to contact plaintiffs' counsel who would then vet the claim and file the consent of those plaintiffs who are similarly situated. In the experience of plaintiffs' counsel, this is the most efficient method of proceeding.

The notice contains a blank for a date for the filing of consent forms. It is requested that the Court order that this date be at least 60 days from the date notice is mailed. The date for mailing should be fixed as 15 days from the date defendant produces the names and addresses of the prospective plaintiffs. Sixty days would allow a reasonable time for prospective plaintiffs to receive the notice consider their options, obtain further information if desired and respond.

The Court should consider fixing an even later cut-off date for joinder of plaintiffs, perhaps up to 90 days. The fixing of a cut-off date even relatively late in the discovery process serves the interests of "judicial economy, convenience of the parties, and the interest in reducing litigation expense . . . ." Raper v State of Iowa, 165 F.R.D. 89, 92 (D IA 1996). Since persons who do not join this case are free to, and no doubt will, file their own suits, even after liability is determined in this case, the interests of judicial economy and reduction of litigation expenses are served by a notice that seeks to have all persons interested in an issue and who wish to join this case adjudicate their claims in one suit, rather than several essentially identical cases. Defendant is not prejudiced by a late cut-off date because defendant would have to deal with each plaintiff's claim in any event. In Raper, the district court allowed additional consents to be filed after summary judgment was granted in plaintiffs' favor, but before damages were determined.

Notice to the prospective plaintiffs will not delay discovery on any issues in the case while the notice is pending. Plaintiffs have already served interrogatories and requests for documents. Additional plaintiffs will only raise issues of damages which can be addressed if and when liability is established

Defendant has not articulated a single objection to the content of the notice other than to vaguely suggest that it takes issue with the form of the consent plaintiffs have filed. No particular form of consent in prescribed in §216(b) and defendant has offered no legal support suggesting that the consents plaintiffs have filed are not adequate under the law. Any contention that plaintiffs should not be allowed to join the case unless they use some particular words in the consent runs counter to remedial underpinnings of the law and should be rejected.

## POINT II

### DISCOVERY OF THE NAMES AND ADDRESSES OF PROSPECTIVE MEMBERS OF THE CLASS SHOULD BE ORDERED.

On August 27, 2007, plaintiffs served discovery including a request that defendant produce the names and addresses of all defendant's employees who worked for defendants within the past three years and were paid a day rate. Discovery of the names and addresses of prospective plaintiffs, even on an expedited schedule, has been allowed in many FLSA collective actions. See Hoffman-LaRoche v Sperling, 493 US 165, 110 S.Ct. 482 (1989); Jackson v .New York Telephone, 163 F.R.D. 429 (SD NY 1995); Hipp v. Liberty National Life Insurance Co., 164 F.R.D. 574 (MD FL 1996). The names of other employees of defendant are discoverable, not only as potential plaintiffs, but as potential witnesses for plaintiffs. To avoid any dispute regarding the production of this information

and to expedite the notice process, plaintiffs request an order requiring defendant to produce this information by October 1, the date the discovery response is due. The production of this information should not present any burden to defendant since it is required to be kept by law. 29 C.F.R. §516.2(a)(1) and (2).

## CONCLUSION

The Court should permit the filing of plaintiffs' amended complaint. The case should be conditionally certified as a collective action and plaintiffs' notice to the prospective plaintiffs should be approved. Disclosure of the names and addresses of prospective plaintiffs should be ordered.

Respectfully submitted, September 7, 2007

                                          s/Alan S. Kaufman
                                          Alan S. Kaufman

CHAMBERLAIN, KAUFMAN & JONES
35 Fuller Road
Albany, New York 12205
518-435-9427
518-435-9102 (fax)
ask@flsa.com

Jason M. Tangeman
ANTHONY, NICHOLAS, & TANGEMAN, LLC
170 North Fifth Street
P.O. Box 928
Laramie, Wyoming 82072
307-742-7140
307-742-7160 (fax)
Jtangeman@wyolegal.com