FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

OCT 2 5 2007

Stephan Harris, Clerk
Cheyenne

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

|  |  |
|---|---|
| THOMAS O. CONDOS, BRANDON A. BRANNING, BRYAN BRANNING, JAMES R. ENGLISH, NICHOLAS E. KLINGLER, CHRISTOPHER M. LEUITT, JOHN L. LEWIS, TRAVIS OLMSTED, ROBERT SANDERSON, ERNEST G. VINE III, and others similarly situated, | Case No. 07 - CV - 127 J |
| Plaintiffs, | |
| vs. | |
| PURE ENERGY SERVICES (USA), INC., | |
| Defendant. | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR PERMISSION TO FILE AN AMENDED COMPLAINT, FOR CERTIFICATION OF THE CASE AS A COLLECTIVE ACTION, FOR DISCOVERY OF NAMES AND ADDRESSES OF PROSPECTIVE PLAINTIFFS, AND ORDERING PARTIES TO CONFER ON NOTICE

THE ABOVE CAPTIONED MATTER came before the Court on August 29, 2007, for

hearing on PLAINTIFFS' MOTION FOR PERMISSION TO FILE AN AMENDED

COMPLAINT, FOR CERTIFICATION OF THE CASE AS A COLLECTIVE ACTION,

FOR APPROVAL OF NOTICE TO PROSPECTIVE PLAINTIFFS, AND FOR DISCOVERY OF NAMES AND ADDRESSES . Appearing at the hearing were Alan S. Kaufman and Jason M. Tangeman for the Plaintiffs and W.V. Bernie Siebert for Defendant. The Court excused Sharon M. Rose from appearing. The Court considered the Plaintiffs motion, the defendant's response to the motion, the arguments of counsel at the hearing, the applicable law, and is fully advised in the premises.

In accordance with the Court's oral rulings from the bench at the hearing, as enumerated more fully on the record of the hearing, the Court

FINDS that the Plaintiffs' motion for permission to file an amended complaint should be and is GRANTED. The Court FINDS none of the conditions are present  that would generally justify refusal to amend, including "showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc." *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F. 2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). The Court also FINDS no prejudice from allowing these amendments to Defendants that would justify refusal of leave to amend.

2

The Court FINDS that Plaintiffs' motion for certification of the case as a collective action should be and is GRANTED. The collective action identifies as similarly situated persons those who were subjected by Defendant, Pure Energy Services (USA), Inc., to a single policy or plan of paying workers by a day rate and not paying overtime for hours worked overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. The notice stage certification of this case is pursuant to the two-step approach adopted by the Tenth Circuit in *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001) (applying FLSA § 16(b) in an ADEA case). *See generally Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004). The Court finds that there are "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102.

The Court FINDS that ruling on Plaintiffs' motion for approval of notice should be and is POSTPONED. It is ORDERED that the parties shall confer on a proposed notice within fifteen (15) days of this motions hearing. The parties shall report on the form of notice in a joint submission to the Court on or before November 16, 2007. Any pending disputes as to the form of notice will be heard on November 30, 2007, at the Summary Judgment hearing.

3

The Court FINDS that Plaintiffs' motion for discovery of names and addresses should be

and is GRANTED.  Defendant shall produce the names and addresses of similarly situated

prospective plaintiffs on or before November 26, 2007.


Dated this __25__ day of October, 2007.

ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE

4